## W. W. SHOWERS v. HENDERSON NAT. BANK.

**Partnership Notes—Removal of Partnership Notes After Dissolution.**
Where after the dissolution of a partnership one of the late partners renews a note against the firm and the old note is surrendered and the new one accepted under the belief that the parties executing it had the right to bind all the partners, but one of them repudiates the new note, the creditor may maintain an action on the old note and surrender the new.

APPEAL FROM HENDERSON CIRCUIT COURT.

November 21, 1876.

OPINION BY JUDGE LINDSAY:

As the appellant, Showers, repudiated the acts of his late partners in renewing in the firm name the notes by which the indebtedness of this firm to the bank was evidenced, the bank was remitted back to its right to enforce the genuine firm notes. The amended petition

shows that the renewal notes were accepted under the reasonable belief that the parties executing them had the right to bind Showers by the continued use of the firm name. The acceptance of those notes under this mistake of fact did not amount to a novation, nor to a payment of the firm indebtedness. As there is nothing before us showing that Showers repudiated the note sued on till after suit had been commenced, nor that the bank had reason to suppose he would deny the authority of his late partners, the court below did not err in allowing an amended petition setting up the original cause of action to be filed, instead of requiring the bank to dismiss its action, and commence de novo.

The only defense relied on by appellant is the plea of payment. There is no proof whatever tending to sustain that plea, except the fact that the proceeds of the notes now repudiated by Showers were placed to the credit of the firm, and the firm notes surrendered. As Showers does not deny that these notes were accepted under the mistake of facts heretofore mentioned, he cannot take advantage of the transaction. If he accepts the benefit of these renewal notes, he cannot repudiate the action of his former partner in attempting to bind him. If he does not choose to be bound by their action, he must consent that these transactions shall be wholly disregarded by the bank.

The court might, upon the proof and the pleadings, have instructed the jury to find for the appellee. It is not necessary, therefore, that we shall examine into the accuracy of the instructions given.

Judgment *affirmed*.

*H. F. Turner, for appellant. Vance & Merritt, for appellee.*